UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for COLONIAL BANK,<br><br>       *Plaintiff*,<br><br>      - v. -<br><br>BANC OF AMERICA FUNDING CORP.; BANK OF AMERICA CORP.; MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; BANC OF AMERICA MORTGAGE SECURITIES, INC.;  CITICORP MORTGAGE SECURITIES, INC.; CITIMORTGAGE, INC.; CITIGROUP MORTGAGE LOAN TRUST INC.; CITIGROUP FINANCIAL PRODUCTS INC.; CITIGROUP GLOBAL MARKETS INC.; CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.; CREDIT SUISSE MANAGEMENT LLC; CREDIT SUISSE SECURITIES (USA) LLC; FIRST HORIZON ASSET SECURITIES INC.; FIRST HORIZON HOME LOAN CORP.; FTN FINANCIAL SECURITIES CORP.; and HSBC SECURITIES (USA) INC.,<br><br>       *Defendants*. | No. 2:12-CV-791-WKW<br><br>ECF CASE |

**DEFENDANTS' SURREPLY IN FURTHER OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

I.     THE RECENTLY ISSUED *COUNTRYWIDE* DECISION IS ON ALL FOURS
WITH THIS CASE ............................................................................................................. 1

II.    THE FDIC'S NEW CASES DEMONSTRATE THAT "RELATED TO"
BANKRUPTCY JURISDICTION EXISTS OVER THIS ACTION ................................. 3

      A.    The *Ally* and *Morgan Stanley* Decisions Confirm that This Court Has
"Related to" Bankruptcy Jurisdiction Over this Action ............................................ 4

      B.    The *Ally* and *Morgan Stanley* Decisions Erred in their Equitable Remand
and Severance Analyses ............................................................................................ 5

III.   REMOVAL IS PROPER UNDER 28 U.S.C. § 1441, AND NOTHING IN THE
FDIC'S NEW CASES ALTERS THIS CONCLUSION .................................................... 8

      A.    Removal is Proper Under 28 U.S.C. § 1441(a) and 12 U.S.C. § 1819 .................... 8

      B.    *Ally* Impermissibly Ignores the Plain Meaning of Amended § 1441(c) ................ 9

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Appatek Industries, Inc.* v. *BioLab, Inc.*,
 No. 09 Civ. 00645, 2010 WL 731366 (M.D.N.C. Feb. 25, 2010) ........................................... 6

*Blackmon* v. *Nexity Fin. Corp.*,
 953 So.2d 1180 (Ala. 2006) ................................................................................................... 5

*FDIC, as Receiver for Colonial Bank* v. *Countrywide Sec. Corp.*,
 No. 12-CV-08317-MRP, slip op. (C.D. Cal. Dec. 7, 2012) .............................................. 1, 2, 3

*FDIC as Receiver for Franklin Bank, S.S.B.* v. *Countrywide Securities Corp.*,
 No 2:12-cv-03279-MRP, slip op. (C.D. Cal. Aug. 3, 2012) ................................................... 3

*FDIC as Receiver for Franklin Bank, S.S.B.* v. *Morgan Stanley & Co. LLC*,
 No. 4:12-cv-1777, slip op. (S.D. Tex. Nov. 27, 2012) ................................................... passim

*FDIC as Receiver for Guaranty Bank* v. *Ally Sec., LLC*,
 Case No. A-12-CA-872-SS, slip op. (W.D. Tex. Dec. 6, 2012) ..................................... passim

*FDIC as Receiver for Guaranty Bank v. Countrywide Sec. Corp.*,
 No. 12-CV-08558-MRP, slip op. (C.D. Cal. Dec. 7, 2012) ................................................ 1, 3

*FDIC as Receiver for Guaranty Bank* v. *J.P. Morgan Sec. LLC*,
 No. A-12-CA-878-SS, slip op. (W.D. Tex. Dec. 6, 2012) ................................................... 1, 8

*FDIC* v. *Loyd*,
 955 F.2d 316 (5th Cir. 1992) ................................................................................................... 9

*In re Federal-Mogul Global, Inc.*,
 300 F.3d 368 (3d Cir. 2002) .................................................................................................... 4

*Irwin* v. *Zila, Inc.*,
 168 F. Supp. 2d 1294 (M.D. Ala. 2001) ................................................................................. 5

*Lone Star Fund V (U.S.), L.P.* v. *Barclays Bank PLC*,
 594 F.3d 383 (5th Cir. 2010) ................................................................................................... 4

*Maritime Elec. Co.* v. *United Jersey Bank*,
 959 F.2d 1194 (3d Cir. 1992) .................................................................................................. 6

*Pacor, Inc.* v. *Higgins*,
 743 F.2d 984 (3d Cir. 1984) .................................................................................................... 4

*United States* v. *Fisher*,
    289 F.3d 1329 (11th Cir. 2002) ..............................................................................................9

*In re Toledo*,
    170 F.3d 1340 (11th Cir. 1999) ..............................................................................................8

**STATUTES**

12 U.S.C. § 1819................................................................................................................8, 9

28 U.S.C. § 1334.............................................................................................................2, 6, 7

28 U.S.C. § 1441................................................................................................................8, 9

28 U.S.C. § 1452....................................................................................................................6, 7

**PRELIMINARY STATEMENT**

Defendants submit this surreply in accordance with the Court's January 30, 2013 Order for the limited purpose of addressing the authority cited in the reply brief of Plaintiff Federal Deposit Insurance Corporation (the "FDIC") as receiver for Colonial Bank in further support of its motion to remand this action to the Circuit Court of Montgomery County, Alabama. Nothing in the five decisions cited by the FDIC[1] requires the Court to decline to exercise its undisputed federal jurisdiction over this action. The decisions do not address the Edge Act, an independent basis for removal. And, as discussed below, the FDIC has already litigated and lost this exact issue in a virtually identical action it brought on behalf of Colonial Bank.

**ARGUMENT**

**I.   THE RECENTLY ISSUED *COUNTRYWIDE* DECISION IS ON ALL FOURS WITH THIS CASE**

This is not the first time the FDIC has litigated the propriety of removal in a lawsuit it has brought on behalf of Colonial Bank in the Circuit Court of Montgomery County relating to Colonial Bank's purchase of residential mortgage-backed securities ("RMBS"). In *FDIC, as Receiver for Colonial Bank* v. *Countrywide Securities Corporation* ("*Countrywide*"), the FDIC moved to remand the action following its removal to this Court and transfer to the Central District of California pursuant to the Countrywide MDL order. No. 12-cv-08317, slip op. (C.D. Cal. Dec. 7, 2012) (attached as Exhibit D to Pl.'s Reply Mem. of Law in Further Supp. of its Mot. to Remand ("Pl.'s Reply Mem.")). *Countrywide* is almost identical to this action: it is brought by the same plaintiff (the FDIC) on behalf of the same failed bank (Colonial Bank),

---

[1] These cases are: *FDIC, as Receiver for Colonial Bank* v. *Countrywide Sec. Corp.*, No. 12-CV-08317-MRP, slip op. (C.D. Cal. Dec. 7, 2012); *FDIC, as receiver for Guaranty Bank* v. *Countrywide Sec. Corp..*, No. 12-CV-08558-MRP, slip op. (C.D. Cal. Dec. 7, 2012); *FDIC, as receiver for Guaranty Bank* v. *Ally Sec., LLC*, Case No. A-12-CA-872-SS, slip op. (W.D. Tex. Dec. 6, 2012); *FDIC, as receiver for Guaranty Bank* v. *J.P. Morgan Sec. LLC*, No. A-12-CA-878-SS, slip op. (W.D. Tex. Dec. 6, 2012); *FDIC as Receiver for Franklin Bank, S.S.B.* v. *Morgan Stanley & Co. LLC*, No. 4:12-cv-1777, slip op. (S.D. Tex. Nov. 27, 2012).

arises out of Colonial Bank's purchase of RMBS, was filed on the same day and in the same court, alleges the same types of misrepresentations,[2] and asserts violations of the Alabama Securities Act and Sections 11 and 12(a)(2) of the 1933 Act.  (*Compare* Declaration of Susanna Buergel in Supp. of Defs.' Surreply in Further Opp'n to Pl.'s Mot. to Remand ("Buergel Decl.") Ex. A ¶¶ 161-235 (*Countrywide* complaint), *with* Compl. ¶¶ 110-229.)  Indeed, even the section headings and many of the paragraphs in the two complaints are the same.  (*Compare, e.g.*, Buergel Decl. Ex. A ¶¶ 38-70, *with* Compl. ¶¶ 42-74.)  Just like in this action, in *Countrywide* the FDIC moved to remand to the Circuit Court of Montgomery County, Alabama, advancing many of the same arguments it offers in this Court.  (Buergel Decl. Ex. B (FDIC Motion to Remand).)[3]  The federal court, however, denied the FDIC's motion, concluding that the court had "related to" bankruptcy jurisdiction over the entire case pursuant to 28 U.S.C. § 1334(b), *Countrywide*, slip op. at 1, and rejected the FDIC's request for equitable remand.

The FDIC contends that the *Countrywide* decision is "irrelevant to this case" because it rested on "equitable factors" to deny remand, in particular the court's "specialized judicial experience" with the *Countrywide* multidistrict litigation and "the benefit of pre-trial coordination because each case involves Countrywide RMBS."  (Pl.'s Reply Mem. 16.)  This is not what the decision says.  Instead, *Countrywide* recites the facts (applicable here, too) that "originators of home loans, who are now bankrupt, owe Countrywide Home Loans, Inc., an

---

[2] These alleged misrepresentations include that:  (i) the loan-to-value ("LTV") ratios for the mortgages underlying the certificates were misrepresented because property appraisal values were inflated (*compare* Buergel Decl. Ex. A ¶¶ 38-70, *with* Compl. ¶¶ 42-74); (ii) the occupancy status of the properties collateralizing the mortgage loans underlying the certificates was misrepresented in that the number of primary residences was overstated (*compare* Buergel Decl. Ex. A ¶¶ 71-81, *with* Compl. ¶¶ 75-85); (iii) the originators of the mortgage loans did not make the loans in compliance with their underwriting standards (*compare* Buergel Decl. Ex. A ¶¶ 82-91, *with* Compl. ¶¶ 86-96); and (iv) the rating agencies' credit ratings for the certificates were misrepresented and did not reflect the true credit risk of the investments (*compare* Buergel Decl. Ex. A ¶¶ 100-05, *with* Compl. ¶¶ 98-103).

[3] The Judicial Panel on Multidistrict Litigation had previously transferred the action from this Court to the Central District of California.

affiliate of the defendants, certain indemnification duties," and "[i]n turn, Countrywide Home Loans has indemnification obligations to these defendants." *Countrywide*, slip op. at 1. The decision then concludes that "[s]ince a 'chain of indemnification' runs from defendants to ongoing bankruptcy proceedings, the case is 'related to' a case under title 11." *Id.* In concluding that there was "no reason to equitably remand" *Countrywide*, the court cited *FDIC as receiver for Franklin Bank, S.S.B.* v. *Countrywide Securities Corp.*—which rejected equitable remand arguments similar to those asserted here—not only to "decrease duplicative litigation" but also because "the case raises complex and novel questions involving the application of federal rather than of state law." No. 2:12-cv-03279-MRP, slip op. at 8 (C.D. Cal. Aug. 3, 2012) (Exhibit F to Pl.'s Reply Mem.).

The *Countrywide* court's analysis and finding of "related to" bankruptcy jurisdiction apply equally to this action. Given that *Countrywide* is on all fours with this case, there is no principled reason for this Court to reach a different result than the one reached by the court in *Countrywide*. Here, too, the Court should retain jurisdiction and deny the FDIC's remand motion. *Accord FDIC, as receiver for Guaranty Bank* v. *Countrywide Sec. Corp.*, No. 12-CV-08558-MRP (C.D. Cal. Dec. 7, 2012) (attached as Exhibit G to Pl.'s Reply Mem.) (also finding "related to" bankruptcy jurisdiction and rejecting the FDIC's equitable remand arguments).

II. **THE FDIC'S NEW CASES DEMONSTRATE THAT "RELATED TO" BANKRUPTCY JURISDICTION EXISTS OVER THIS ACTION**

The FDIC cites to two recent decisions—*FDIC* v. *Ally Securities* and *FDIC* v. *Morgan Stanley*—to argue that, even if this Court has "related to" bankruptcy jurisdiction, it should equitably remand this case.[4] Crucially, however, both of these cases support the proposition that

---

[4] *FDIC, as receiver for Guaranty Bank* v. *Ally Sec., LLC*, Case No. A-12-CA-872-SS, slip op. (W.D. Tex. Dec. 6, 2012) ("*Ally*") (attached as Exhibit A to Pl.'s Reply Mem.); *FDIC as Receiver for Franklin Bank, S.S.B.* v.

3

contractual indemnity claims like those at issue here give rise to "related to" jurisdiction. *Ally*, slip op. at 3-6; *Morgan Stanley*, slip op. at 9-11. They therefore *support* Defendant's argument on the threshold point that this Court has "related to" bankruptcy jurisdiction. On the secondary question of whether this case should nevertheless be equitably remanded, however, *Ally* and *Morgan Stanley* are outliers that should not be followed. Among other analytical flaws, both cases ignore that equitable remand is inappropriate where, as here, there are several independent bases of federal jurisdiction beyond "related to" bankruptcy jurisdiction.

> A. **The *Ally* and *Morgan Stanley* Decisions Confirm that This Court Has "Related to" Bankruptcy Jurisdiction Over this Action**

Both *Ally* and *Morgan Stanley* adopted the same analysis that Defendants urge in this case regarding the existence of "related to" bankruptcy jurisdiction, rejecting the FDIC's contrary arguments. This Court should follow suit.

The FDIC argued in *Ally*, as it does here, that *Pacor, Inc.* v. *Higgins*, 743 F.2d 984 (3d Cir. 1984), and *In re Federal-Mogul Global, Inc.*, 300 F.3d 368 (3d Cir. 2002), preclude the "exercise of 'related to' jurisdiction where indemnification claims [have] not yet accrued and would therefore 'require another lawsuit . . . .'" *Ally*, slip op. at 4. The *Ally* court rejected this argument, noting that "[t]he Fifth Circuit explicitly rejected the FDIC's argument in *Lone Star* [*Fund V (U.S.), L.P.* v. *Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010)]." *Id.* For the reasons set forth in Defendants' Opposition, this Court should do the same. (Def's Opp'n 17-23.) *See also Morgan Stanley*, slip op. at 9-11 (favorably citing *Lone Star).*

---

*Morgan Stanley & Co. LLC*, No. 4:12-cv-1777, slip op. (S.D. Tex. Nov. 27, 2012) ("*Morgan Stanley*") (attached as Exhibit C to Pl.'s Reply Mem.).

4

### B.     The *Ally* and *Morgan Stanley* Decisions Erred in their Equitable Remand and Severance Analyses

#### 1.     Equitable Remand

Ignoring the fact that *Ally* and *Morgan Stanley* reject the FDIC's argument as to the existence of "related to" jurisdiction, the FDIC relies on *Ally* and *Morgan Stanley* to support its equitable remand arguments in this case.  But the *Ally* and *Morgan Stanley* courts clearly erred in their analysis of the equitable factors, and the facts in this action warrant a different conclusion.

*First*, the court in *Ally* found that remand was appropriate on equitable grounds because state law issues predominated over federal issues.  *Ally*, slip op. at 8-9.  The court reached this conclusion because (i) the FDIC brought state law claims with respect to all eight certificates at issue, but federal claims with respect to only three certificates, and (ii) the state law issues predominated over the *bankruptcy* issues. *Id.*  In this case, however, the FDIC alleges that Defendants violated both federal and Alabama securities laws with respect to all fourteen certificates at issue. (Compl. ¶¶ 110-229.)  Thus, unlike *Ally*, there can be no argument here that the state law issues predominate based on the greater number of state causes of action.[5]  As for the second basis of *Ally*'s holding, Defendants submit that the court's conclusion that "related to" jurisdiction does not exist where state law issues predominate over bankruptcy issues is flawed. By definition, a "related to" bankruptcy case removed from state court to federal court is *not* a core proceeding (or it would have been in the bankruptcy court in the first place), nor is it likely to contain *any* significant bankruptcy issues.  The theory behind "related to" bankruptcy jurisdiction is not that the removed case is part of the core bankruptcy proceeding in the bankruptcy court or that it raises a significant issue of substantive bankruptcy law, but, rather,

---

[5]   Furthermore, even the "state law" issues in this case are not pure issues of state law in the conventional sense. That is because the state law claims here arise under the Alabama securities laws, which are frequently construed in accordance with the case law interpreting the federal securities laws.  *See Blackmon* v. *Nexity Fin. Corp.*, 953 So.2d 1180, 1191 (Ala. 2006); *see also Irwin* v. *Zila, Inc.*, 168 F. Supp. 2d 1294, 1298 n.4 (M.D. Ala. 2001) (same).

that the result of the removed case may affect the bankruptcy estate by imposing liability on it. Under the *Ally* court's view, virtually all "related to" bankruptcy cases should be remanded because they do not involve core bankruptcy issues. Significantly, and for good reason, that view finds little support in the case law. (*See, e.g.*, Defs.' Opp'n 19 n.11 (citing multiple cases where courts found and maintained "related to" bankruptcy jurisdiction although the removed case involved no apparent bankruptcy issues and was not a core bankruptcy proceeding).)

*Second*, the FDIC relies on *Morgan Stanley* for the argument that where a defendant has not "consented to final orders or judgments issued by a bankruptcy judge," the district court's exercise of "related to" bankruptcy jurisdiction "would not completely fulfill the congressional intent of 28 U.S.C. § 1452, as it would not 'grant comprehensive jurisdiction' to the . . . bankruptcy court." *Morgan Stanley*, slip op. at 13. The invocation of "related to" bankruptcy jurisdiction, however, does not require that the removed case be heard in the relevant bankruptcy court. Rather, it allows for adjudication in a district court such as this Court. *See* 28 U.S.C. §§ 1334(b), 1452(a); *Maritime Elec. Co.* v. *United Jersey Bank*, 959 F.2d 1194, 1211-12 & n.6 (3d Cir. 1992) (observing that "[a]ll district courts are empowered by the statute to hear cases 'related to' bankruptcies"). If a party's failure to consent to final orders or judgments issued by a bankruptcy judge governed the question of whether remand is appropriate, the district courts would almost *never* exercise "related to" bankruptcy jurisdiction. Given the plain language of the removal statute—which clearly permits removal to the district courts—that result would be contrary to Congressional intent.[6]

---

[6] In addition, *Morgan Stanley*, in weighing the equitable remand factors, concluded that "only a small portion of this case is related to ResCap's bankruptcy." *Morgan Stanley*, slip op. at 14. The question, however, is not the extent of the impact on the instant action, but the impact on the bankruptcy estate. (Defs.' Opp'n 18.) And, a potential effect of millions of dollars is more than sufficient. *See, e.g.*, *Appatek Industries, Inc.* v. *BioLab, Inc.*, No. 09 Civ. 00645, 2010 WL 731366, at *3 (M.D.N.C. Feb. 25, 2010) ("The disposition of this case may well have an important effect on the bankruptcy estate, because a damages award or equitable remedy of the sort contemplated by the parties will directly alter the estate's assets by hundreds of thousands of dollars.").

2. Severance and Remand

Based on *Ally*, the FDIC advances for the first time in its reply brief a new jurisdictional argument—that "related to" bankruptcy jurisdiction only "arguably" exists over those claims that relate to the ResCap bankruptcy proceeding and "that severance and remand is mandatory for claims not related to a bankruptcy." (Pl.'s Reply Mem. 14.) This argument is flawed. In *Ally*, the court noted that the language in 28 U.S.C. § 1452(a)—the "related to" bankruptcy removal statute—permits "removal of 'any *claim or cause of action* in a civil action,' whereas other removal statutes . . . authorize removal of '*any civil action*.'" *Ally*, slip op. at 7 (emphasis added and other emphasis omitted). From this, the *Ally* court concluded that 28 U.S.C. § 1452(a) did not authorize "removal of entire cases simply because they contain some bankruptcy-related issue" and that all non-bankruptcy-related claims should be remanded. *Ally*, slip op. at 7; *see also Morgan Stanley*, slip op. at 14.

This conclusion misconstrues the statutory framework. Section 1452(a) provides that "[a] party may remove any claim or cause of action in a civil action . . . if [the] district court has jurisdiction of such claim or cause of action" under 28 U.S.C. § 1334. Section 1334(b), in turn, provides that "the district courts shall have original but not exclusive jurisdiction of *all civil proceedings* . . . related to cases under title 11." (Emphasis added.) Because Section 1334(b) extends jurisdiction to the entire "civil proceeding," and Section 1452(a) authorizes removal of any "claim or cause of action," any "claim or cause of action" (or all of them) in a "civil proceeding" may be removed. Accordingly, whether "related to" bankruptcy removal is appropriate depends on whether the *proceeding*—not any individual claim—relates to a bankruptcy case under the jurisdictional grant in Section 1334(b). As discussed in Defendants' Opposition, the test for whether a civil proceeding is "related to" a bankruptcy case is whether "the outcome of that proceeding could conceivably have any effect on the estate being

7

administered in bankruptcy." (Defs.' Opp'n 18 (quoting *Pacor*, 743 F.2d at 994) (emphasis omitted).) Courts regularly engage in this analysis and exercise jurisdiction over entire cases rather than individual claims or causes of action. (*See, e.g.*, Defs.' Opp'n 19 n.11.) This comports with the overall scope of "related to" bankruptcy jurisdiction, which *Ally* and *Morgan Stanley* mistakenly understood as narrow and "discrete," *Ally*, slip op. at 7 (citation omitted), but in fact is extraordinarily broad, *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999) (noting that the test for establishing "related to" bankruptcy jurisdiction is "liberal" and that "the jurisdictional grant [is] extremely broad" (citation omitted)).

For all these reasons, the FDIC's reliance on *Ally* and *Morgan Stanley* is misplaced.

## III. REMOVAL IS PROPER UNDER 28 U.S.C. § 1441, AND NOTHING IN THE FDIC'S NEW CASES ALTERS THIS CONCLUSION

The FDIC relies upon *Ally* and another new case decided by the same judge, *FDIC, as receiver for Guaranty Bank* v. *J.P. Morgan Securities LLC*, No. A-12-CA-878-SS, slip op. (W.D. Tex. Dec. 6, 2012) (attached as Exhibit B to Pl.'s Reply Mem.), to support its argument that removal is improper under 28 U.S.C. § 1441.[7] (Pl.'s Reply Mem. 18-25.) *Ally* and *J.P. Morgan* are not persuasive on this point.

### A. Removal is Proper Under 28 U.S.C. § 1441(a) and 12 U.S.C. § 1819

Citing *Ally*, the FDIC first argues that Defendants are "confusing jurisdiction and removal" with regard to § 1441(a)'s general removal provision and that Section 22(a) of the Securities Act bars removal of the FDIC's federal claims. (Pl.'s Reply Mem. 18-21.) But the FDIC misconstrues Defendants' argument. Defendants do not premise removal authority under § 1441(a) on the ground that the case arises under the Securities Act—the trigger for § 22(a)'s

---

[7]   The court's decision in *FDIC* v. *J.P. Morgan Securities LLC* considers removal only under 28 U.S.C. § 1441(a) and 12 U.S.C. § 1819. Its discussion of these provisions is substantively identical to the same discussion in *Ally*, and for the sake of clarity, Defendants cite only to *Ally*.

8

removal bar. Rather, Defendants' primary argument for removal under § 1441(a) is that there is an independent basis for removal jurisdiction pursuant to § 1819(b)(2)(A). Section 1819(b)(2)(A) provides that where the FDIC is a party to a case, that case "*shall be deemed to arise under the laws of the United States.*" 12 U.S.C. § 1819(b)(2)(A) (emphasis added). The defendants in *Ally* did not make this precise argument, and the court did not address it. *Ally* therefore does not support the FDIC's argument on this point.[8]

### B. *Ally* Impermissibly Ignores the Plain Meaning of Amended § 1441(c)

The FDIC also relies on *Ally* to argue that removal is inappropriate under § 1441(c) because that provision applies only where the case involves "separate and independent" claims, some of which do not independently implicate federal jurisdiction. (Pl.'s Reply Mem. 21-25.) But as Defendants argued in their Opposition, Congress amended § 1441(c) in December 2011 to eliminate the "separate and independent" requirement for removal of claims. (Defs.' Opp'n 31-33 & n.19.) Despite the amended provision's unambiguous language, *Ally* held that Congress did not intend to substantively alter this aspect of the statute and faulted the defendants in that case for "*relying simply on the plain language of the amended statute.*" *Ally*, slip op. 15-16 (emphasis added). The best evidence of Congress' intent, however, *is* precisely the "plain" and unambiguous text of the amended § 1441(c), which contains no limiting language that claims be "separate and independent." *See United States* v. *Fisher*, 289 F.3d 1329, 1338 (11th Cir. 2002). Significantly, that text provides an independent basis of removal in this case. (*See* Defs.' Opp'n 32 (citing *FDIC* v. *Bank of Am. Corp. LLC*, No 2:12-CV-532 JCM (RJJ), 2012 WL 2904310 (D. Nev. July 16, 2012).) The amended § 1441(c) should be applied as written.

---

[8] Relying again on *Ally*, the FDIC argues that 15 U.S.C. § 1819(b)(2)(B), the so-called "FDIC removal statute," provides only the FDIC with the ability to remove an action to federal court. (Pl.'s Reply Mem. 19-21.) *Ally*, however, disregarded the Fifth Circuit's contrary conclusion. In *FDIC* v. *Loyd*, 955 F.2d 316, 328-29 (5th Cir. 1992), the Fifth Circuit explained that "[s]ection 1819 authorizes removal by *any party* to litigation entered by the FDIC, not just the FDIC." (Defs.' Opp'n 28-29 n.18 (quoting *FDIC* v. *Loyd*, 955 F.2d 316, 328-29 (5th Cir. 1992) (emphasis added)).)

Finally, the FDIC relies on *Ally* for the argument that the "sever and remand" provision of Section 1441(c) could produce what it claims is the absurd result of its federal claims being remanded to state court and its state law claims remaining in federal court. (Pl.'s Reply Mem. at 23-24 & n.20.) This indeed would be an absurd result, but it stems from Congress' decision to amend the statute to address constitutional concerns that are not even implicated in this case. (*See* Defs.' Opp'n 32.) Under the circumstances here, the more appropriate result is for this Court to retain jurisdiction of the entire case on "related to" bankruptcy and Edge Act grounds, rather than to sever and remand the federal claims. (Defs.' Opp'n 33.)

## **CONCLUSION**

For the foregoing reasons, and the reasons set forth in Defendants' Opposition, Defendants respectfully request that the Court deny Plaintiff's motion to remand this case to state court.

Dated:  February 6, 2013                                  Respectfully Submitted,

| STARNES DAVIS FLORIE LLP | MAYNARD COOPER & GALE PC |
|---|---|
| By: /s/ Michael Florie | By: /s/ Carl S. Burkhalter |

| | |
|---|---|
| Michael Florie (ASB-7356-I53M) | Carl S. Burkhalter (BUR086) |
| Jay Ezelle (ASB-4744-Z72J) | Richard Jon Davis (DAV178) |
| Cole R. Gresham (ASB-8993-L74G) | Todd Harris Cox (COX031) |
| 100 Brookwood Place, 7th Floor | 1901 Sixth Avenue North |
| Birmingham, Alabama 35259 | Birmingham, Alabama 35203 |
| Tel.: (205) 868-6000 | Tel.: (205) 254-1000 |
| Fax: (205) 868-6099 | Fax: (205) 254-1999 |
| MFlorie@starneslaw.com | cburkhalter@maynardcooper.com |
| JEzelle@starneslaw.com | rdavis@maynardcooper.com |
| CGresham@starneslaw.com | tcox@maynardcooper.com |

*Of Counsel:*                                             *Of Counsel:*

| | |
|---|---|
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| Brad S. Karp | Roger Allen Cooper |
| Bruce Birenboim | Jared Mitchell Gerber |
| Susanna M. Buergel | One Liberty Plaza |
| 1285 Avenue of the Americas | New York, New York 10006 |
| New York, New York 10019-6064 | Tel.: (212) 225-2000 |
| Tel.: (212) 373-3000 | Fax: (212) 225-3999 |
| Fax: (212) 757-3990 | racooper@cgsh.com |
| BKarp@paulweiss.com | jgerber@cgsh.com |
| BBirenboim@paulweiss.com | |
| SBuergel@paulweiss.com | *Attorneys for Banc of America Funding Corporation, Bank of America Corporation, Merrill Lynch, Pierce, Fenner & Smith, Inc., and Banc of America Mortgage Securities, Inc.* |
| *Attorneys for Defendants Citicorp Mortgage Securities Inc., CitiMortgage Inc., Citigroup Mortgage Loan Trust Inc., Citigroup Financial Products Inc., and Citigroup Global Markets Inc.* | |

| | |
|---|---|
| COPELAND, FRANCO, SCREWS & GILL, P.A. | BAKER DONELSON BEARMAN, CALDWELL, BERKOWITZ, PC |
| By: /s/ Richard H. Gill | By:/s/ W. Patton Hahn |
| Richard H. Gill (ASB-7945-G70R)<br>444 South Perry Street<br>Montgomery, Alabama 36104<br>Tel.: (334) 834-1180<br>Fax: (334) 834-3172<br>gill@copelandfranco.com | W. Patton Hahn (HAH002)<br>Timothy M. Lupinacci (LUP001)<br>Patricia Clotfelter (CLO001)<br>1400 Wells Fargo Tower<br>420 20th Street North<br>Birmingham, Alabama 35203<br>Tel.: (205) 250-8366<br>Fax: (205) 488-8315<br>phahn@bakerdonelson.com<br>tlupinacci@bakerdonelson.com<br>pclotfelter@bakerdonelson.com |
| *Of Counsel:* | *Of Counsel:* |
| CRAVATH, SWAINE & MOORE LLP<br>Richard W. Clary<br>Richard J. Stark<br>Michael T. Reynolds<br>Lauren A. Moskowitz<br>Worldwide Plaza<br>825 8th Avenue<br>New York, New York 10019<br>Tel.: (212) 474-1000<br>Fax: (212) 474-3700<br>rclary@cravath.com<br>rstark@cravath.com<br>mreynolds@cravath.com<br>lmoskowitz@cravath.com<br>*Attorneys for Credit Suisse First Boston Mortgage Securities Corp., Credit Suisse Management LLC and Credit Suisse Securities (USA) LLC* | SULLIVAN & CROMWELL LLP<br>Bruce E. Clark<br>125 Broad Street<br>New York, New York 10004<br>Tel.: (212) 558-4000<br>Fax: (212) 558-3588<br>clarkb@sullcrom.com<br><br>SULLIVAN & CROMWELL LLP<br>Amanda F. Davidoff<br>Kathleen S. MacArthur<br>1701 Pennsylvania Avenue, NW<br>Washington, D.C. 20006<br>Tel.: (202) 956-7500<br>Fax: (202) 293-6330<br>davidoffa@sullcrom.com<br>mcarthurk@sullcrom.com<br><br>*Attorneys for First Tennessee Bank National Association (successor by merger to First Horizon Asset Securities Inc.), First Horizon Home Loan Corporation and FTN Financial Securities Corporation* |

12

McDOWELL KNIGHT ROEDDER &
SLEDGE, LLC
By: /s/ Archibald T. Reeves

Archibald T. Reeves, IV (REEVA2720)
Robert B. McGinley, Jr. (MCGIR1338)
Post Office Box 350
Mobile, Alabama 36601
Tel.: (251) 432-5300
Fax: (251) 532-5303
areeves@mcdowellknight.com
rmcginley@mcdowellknight.com

*Attorneys for HSBC Securities (USA) Inc.*

13

## **CERTIFICATE OF SERVICE:**

I hereby certify that on this the sixth day of February 2013, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing, to the following:

Davis J. Grais
Mark B. Holton
GRAIS & ELLSWORTH LLP
1211 Avenue of the Americas
New York, NY 10036
dgrais@graisellsworth.com
mholton@graisellsworth.com

Dennis R. Bailey
John Evans Bailey
R. Austin Huffaker, Jr.
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama 36101-0270
drb@rushtonstakely.com
ebailey@rushtonstakely.com
rah2@rsjg.com

Bruce E. Clark
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
clarkb@sullcrom.com

Amanda F. Davidoff
Kathleen S. McArthur
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, NW
8th Floor
Washington, DC 20006
davidoffa@sullcrom.com
mcarthurk@sullcrom.com

Patricia Clotfelter
Timothy Michael Lupinacci
William Patton Hahn
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.
Wachovia Tower
420 20th Street North, Suite 1600
Birmingham, AL  35203
pclotfelter@bakerdonelson.com
tlupinacci@bakerdonelson.com
phahn@bakerdonelson.com

Carl Stanley Burkhalter
Richard Jon Davis
Todd Harris Cox
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, AL  35203
cburkhalter@maynardcooper.com
rdavis@maynardcooper.com
tcox@maynardcooper.com

Jared Mitchell Gerber
Roger Allen Cooper
CLEARY GOTTLEIB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY  10006-1404
jgerber@cgsh.com
racooper@cgsh.com

Richard W. Clary
Julie A. North
Lauren Ann Moskowitz
Michael T. Reynolds
Richard J. Stark
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue – Worldwide Plaza
New York, NY  10019
rclary@cravath.com
jnorth@cravath.com
lmoskowitz@cravath.com
mreynolds@cravath.com
rstark@cravath.com

15

Richard Hamilton Gill
COPELAND FRANCO SCREWS & GILL
P.O. Box 347
Montgomery, AL 36101
gill@copelandfranco.com

Archibald Thomas Reeves, IV
Robert Ball McGinley, Jr.
Samuel Fraser Reid, III
MCDOWELL, KNIGHT, ROEDDER & SLEDGE, LLC
63 South Royal Street
Mobile, AL 36602
areeves@mcdowellknight.com
rmcginley@mcdowellknight.com
freid@mcdowellknight.com

Brad S. Karp
Bruce Birenboim
Susanna Buergel
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
bkarp@paulweiss.com
bbirenboim@paulweiss.com
sbuergel@paulweiss.com

Michael A. Florie
Jay M. Ezelle
Cole R. Gresham
Stephen A. Sistrunk
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
mflorie@starneslaw.com
jezelle@starneslaw.com
cgresham@starneslaw.com
ssistrunk@starneslaw.com

    /s/ Stephen A. Sistrunk
Stephen A. Sistrunk (ASB-4229-E63S)
STARNES DAVIS FLORIE LLP
Seventh Floor, 100 Brookwood Place
P.O. Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-mail: sas@starneslaw.com