# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK, | § | |
| | § | |
| Plaintiff, | | |
| | § | |
| v. | | Case No. 2:12-cv-791-WKW |
| | § | |
| BANC OF AMERICA FUNDING CORP.; BANK OF AMERICA CORP.; | § | |
| MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; | § | |
| BANC OF AMERICA MORTGAGE SECURITIES, INC.; | § | |
| CITIGROUP MORTGAGE SECURITIES, INC.; CITIMORTGAGE, INC.; | § | |
| CITIGROUP MORTGAGE LOAN TRUST INC.; CITIGROUP | § | |
| FINANCIAL PRODUCTS INC.; CITIGROUP GLOBAL | § | |
| MARKETS INC.; CREDIT SUISSE FIRST BOSTON MORTGAGE | § | |
| SECURITIES CORP.; CREDIT SUISSE MANAGEMENT LLC; | § | |
| CREDIT SUISSE SECURITIES (USA) LLC; FIRST HORIZON ASSET SECURITIES INC.; | § | |
| FIRST HORIZON HOME LOAN CORP.; FTN FINANCIAL | § | |
| SECURITIES CORP.; and HSBC SECURITIES (USA) INC., | § | |
| | § | |
| Defendants. | | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SUR-REPLY MEMORANDUM**

Plaintiff the Federal Deposit Insurance Corporation as Receiver for Colonial Bank (FDIC) submits this Response to Defendants' Sur-reply Memorandum in opposition to the FDIC's motion to remand.

## INTRODUCTION

The recent decisions in *FDIC as Receiver for Guaranty Bank v. Ally Secs. LLC, et al.*, Case no. A-12-CA-872, slip op. (W.D. Tex. Dec. 6, 2012), Exhibit A to FDIC's Reply Memorandum in Support of Motion to Remand (*Ally*), and *FDIC as Receiver for Franklin Bank, S.S.B. v. Morgan Stanley & Co. LLC*, Case no. H-12-1777, slip op. (S.D. Tex. Nov. 27, 2012), Exhibit C to FDIC's Reply Memorandum in Support of Motion to Remand (*Morgan Stanley*), strongly support the FDIC's position that this case should be remanded.

Defendants' sur-reply memorandum (Defs.' Sur-reply) gives the Court no reason to reject this recent authority. Unable to address these decisions on the merits, defendants instead mischaracterize their holdings and the standards that they apply. Defendants repeatedly assert that the courts in *Ally* and *Morgan Stanley* applied the doctrine of related-to-bankruptcy jurisdiction improperly when those courts were instead applying principles of equitable remand. The two doctrines are distinct, and the courts in *Ally* and *Morgan Stanley* were careful to differentiate between the two in their opinions.

This action should be remanded to the Circuit Court for Montgomery County, Alabama.

1

I. THIS COURT IS NOT BOUND TO DECIDE THAT RELATED-TO-BANKRUPTCY JURISDICTION EXISTS.

Although critical of the decisions in every other way, defendants argue that the rulings in *Ally* and *Morgan Stanley* demonstrate that related-to-bankruptcy jurisdiction exists here. (Defs.' Sur-reply 3-4.)

Although the Texas courts in *Ally* and *Morgan Stanley* determined that there was related-to-bankruptcy jurisdiction, those courts believed they were bound to reach those holdings by Fifth Circuit precedent. *Ally*, slip op. at 3-6; *Morgan Stanley*, slip op. at 9-11. This Court is under no such stricture, and under authority in the 11th Circuit and elsewhere, the Court can and should hold that related-to-bankruptcy jurisdiction does not exist in this case. (FDIC's Motion to Remand (Mtn to Rem.) 6-15; FDIC's Reply Memorandum in Further Support of Motion to Remand (Pl.'s Reply Mem.) 1-7).

II. **AS IN *ALLY* AND *MORGAN STANLEY,* EQUITABLE REMAND IS APPROPRIATE HERE.**

Having endorsed *Morgan Stanley* and *Ally* on one issue, defendants quickly jettison them over another – equitable remand.

In *Ally*, Judge Sparks correctly determined that this case should be returned to state court under the principles of equitable remand. Defendants, however, attempt to take the focus off equitable remand by discussing only very narrow portions of Judge Sparks's opinion and arguing that those portions reflect a mis-application of related-to-bankruptcy jurisdiction.

Specifically, defendants criticize Judge Sparks for considering whether state law issues or bankruptcy issues predominated in *Ally*. Defendants say that his conclusion "that 'related to' jurisdiction does not exist where state law issues predominate over bankruptcy issues is flawed." (Defs.' Sur-reply 5.) But that it was not what Judge Sparks

2

concluded. As defendants are quick to note elsewhere, Judge Sparks held that there was related-to-bankruptcy jurisdiction. *Ally*, slip op. at 3-6. He considered the predominance of state law issues over bankruptcy issues, along with a number of other relevant factors, only when deciding equitable remand. *Id*. at 8-10. It was appropriate to do so, as predominance of state law issues over bankruptcy issues is, of course, a widely-recognized factor in the multi-factored equitable remand analysis that Judge Sparks performed. (Mt. to Rem. 16; Pl.'s Reply Mem. 8.)[1] Defendants make no effort to address that analysis.

In *Morgan Stanley*, Judge Hittner also correctly concluded that the case should be remanded under principles of equitable remand. Defendants again try to cloud the issue by using the same scheme of isolating small portions of Judge Hittner's opinion and inaccurately characterizing them as reflecting an improper application of related-to-bankruptcy jurisdiction.

Specifically, defendants say that Judge Hittner erred because "related to bankruptcy jurisdiction . . . does not require that the removed case be heard in the

---

[1] Defendants also criticize Judge Sparks for concluding that, in a removed case, related-to-bankruptcy jurisdiction applies only to particular claims or causes of action, not to entire actions. 28 U.S.C. § 1452(a). *Ally*, slip op. at 6-8. Defendants try to demonstrate that the plain language of 28 U.S.C. § 1452(a) does not mean what it says because the scope of original bankruptcy jurisdiction as provided by 28 U.S.C. § 1334 extends to "proceedings." (Defs.' Sur-reply 7-8.) But it is by no means unusual that a federal court's jurisdiction over a removed matter is narrower than its original jurisdiction would have been over the same matter. Indeed, the so-called general removal statute itself, 28 U.S.C. § 1441(a), expressly contemplates that Congress will promulgate laws limiting jurisdiction on removal. One pertinent example of this is section 22(a) of the Securities Act of 1933 (the 1933 Act) which prohibits removal of claims under the Act, even though the claims could have been asserted in federal court at the outset.  Judge Sparks correctly determined that, on removal, related-to-bankruptcy jurisdiction applies only to claims and causes of action and does not support removal of an entire action.  *Ally*, slip op. at 6-8. Those claims not subject to related-to-bankruptcy jurisdiction must be severed and sent back to state court, as Judge Sparks recognized. *Id*. And because it is most efficient that all claims remain in one action, after remanding the claims for which there is no jurisdiction, the Court should equitably remand the rest. *Id*. at 9.

3

relevant bankruptcy court." (Defs.' Sur-reply 6.) But Judge Hittner did not say that. Like Judge Sparks, he determined that related-to-bankruptcy jurisdiction existed. Again, defendants have taken out of context the court's discussion of one factor among the many that it analyzed when considering equitable remand. *Morgan Stanley*, slip op. at 11-14. And defendants again fail to address that overall analysis.

Instead, defendants argue that the decision in *FDIC as Receiver for Colonial Bank v. Countrywide Secs. Corp., at al.*, Case no. 12-CV-08317, slip op. (C.D. Cal. Dec. 7, 2012) (*Countrywide*), which denied equitable remand, is on "all fours" with this case. The defendants cite similarities between this action and that, such as that the FDIC is acting as receiver for Colonial Bank in both suits, the allegations and claims in both suits are similar, etc. (Defs.' Sur-reply 1-3.)  All of that is true, but irrelevant to the remand issues presented here. Defendants make no attempt to show otherwise. Moreover, defendants ignore what is truly relevant -- that *Countrywide*, unlike this action, *Ally* or *Morgan Stanley*, is part of a 35-case multidistrict litigation involving mortgage-backed securities claims against Countrywide Financial Corporation and related entities. The presiding judge has long since determined that equitable remand is not appropriate in the MDL cases because of her substantial experience with that body of litigation and a closely related body of shareholder litigation against Countrywide over which she presided before.[2] (Pl.'s Reply Mem. 11-12.) That consideration is not present here, in *Ally* or in *Morgan Stanley*. The decision in *Countrywide* is not relevant.

---

[2] Defendants assert that the *Countrywide* court's decision on equitable remand is not based upon the existence of the multidistrict litigation or the court's familiarity with the cases comprising the MDL. But the court's opinion says nothing about why it ruled against equitable remand in that case. *Countrywide*, slip op. Only by reviewing the MDL court's earlier decisions on this issue can its reasoning be fully discerned.  That review confirms that the principal grounds on which that court has denied equitable remand are the existence of the MDL and the court's experience with it. (Pl.'s Reply Mem. 11-12.)

4

III.     REMOVAL IS NOT PROPER UNDER 28 U.S.C. § 1441.

Citing no authority, defendants argue that they can remove this case under 28 U.S.C. § 1441(a), the general removal statute, because their "premise" for removal is not the 1933 Act (which defendants acknowledge prohibits removal here) but 12 U.S.C. § 1819(b)(2)(A). Defendants say that the FDIC has not addressed this issue before and that the court in *Ally* did not address it, either. (Defs.' Sur-reply 8-9.) Neither is correct.

As the FDIC stated in its reply brief, defendants continue to confuse authority to remove a case with the concept of original jurisdiction. (Pl.'s Reply Mem. 13.) Under section 1819(b)(2)(A), the FDIC's presence in this case establishes original jurisdiction; the FDIC has never denied that. But a concomitant right to remove is nowhere to be found in section 1819(b)(2)(A). That right exists, if at all, in section 1441(a), but that provision is of no use to defendants here because of the bar on removal in section 22(a).[3] *See Ally*, slip op. at 10-11.

Nor can this case be removed under section 1441(c). In their sur-reply, defendants assert that the *Ally* court erred in agreeing with the FDIC, but do nothing to demonstrate this other than to reiterate their prior arguments. Those arguments are mistaken for the reasons that the FDIC argued in its previous briefs, to which the FDIC respectfully refers the Court. (Mtn to Rem. 25-26; Pl.'s Reply Mem. 16-20.)

---

[3] If the defendants' interpretation were correct, it would be relatively easy to evade section 22(a) by including another claim that affords a different basis for removal. Unsurprisingly, that is not the law, as the courts have held that inclusion of a removable claim with a claim subject to section 22(a) does not make a case removable. (Mtn to Rem. 5.)

5

**CONCLUSION**

For all of the foregoing reasons, and those discussed in the FDIC's original and reply briefs, the Court should grant the FDIC's motion and remand this case to state court.

|  |  |
|---|---|
|  | */s/ J. Evans Bailey* |
|  | Dennis R. Bailey (BAI028) |
| OF COUNSEL: | R. Austin Huffaker (HUF006) |
|  | J. Evans Bailey (BAI062) |
| David J. Grais (1641216) | Attorneys for Plaintiff |
| Mark B. Holton (3003043) |  |
|  |  |
| GRAIS & ELLSWORTH LLP | RUSHTON, STAKELY |
| 1211 Avenue of the Americas | JOHNSTON & GARRETT, P.A. |
| New York, New York 10036 | 184 Commerce Street |
| Tel.: (212) 755-0100 | Montgomery, Alabama 36104 |
| Fax: (212) 755-0052 | Tel.:  (334) 206-3100 |
|  | Fax:  (334) 481-0848 |
|  | drb@rushtonstakely.com |
|  | ebailey@rushtonstakely.com |
|  | rah2@rushtonstakely.com |

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 13, 2013, the foregoing was served upon the following by placing a copy of same in the United States Mail, postage prepaid:

  Todd H. Cox
  Carl S. Burkhalter
  Richard J. Davis
  Maynard, Cooper & Gale, P.C.
  1901 Sixth Avenue North
  2400 Regions Harbert Plaza
  Birmingham, AL 35203
  tcox@maynardcooper.com
  cburkhalter@maynardcooper.com
  rdavis@maynardcooper.com

  Roger A. Cooper
  Jared M. Gerber
  Clearly Gottlieb Steen & Hamilton, LLP
  One Liberty Plaza
  New York, NY 10006
  *Pro Hac Vice*

  William Patton Hahn
  Timothy M. Lupinacci
  Patricia Clotfelter
  William Patton Hahn
  Baker Donelson Bearman Caldwell Berkowitz
  1400 Wells Fargo Tower
  420 20th Street North
  Birmingham, AL 35203
  tlupinacci@bakerdonelson.com
  pclotfelter@bakerdonelson.com
  phahn@bakerdonelson.com

  Bruce E. Clark
  Sullivan & Cromwell, LLP
  125 Broad Street
  New York, NY 10004
  clarkb@sullcrom.com
  *Pro Hac Vice*

Amanda F. Davidoff
Kathleen S. McAruther
Sullivan & Cromwell, LLP
1701 Pennsylvania Avenue NW
Washington, DC 20006
davidoffa@sullcrom.com
*Pro Hac Vice*

Jay Michael Ezelle
Michael Anthony Florie
Starnes & Atchison, LLP
P.O. Box 598512
Birmingham, AL 35259-8512
jezelle@starneslaw.com
mflorie@starneslaw.com

Cole Robinson Gresham
Starnes Davis Florie LLP
100 Brookwood Place – 7th Floor
Birmingham, AL 35209
crg@starneslaw.com

Bruce Birenboim
Susanna M. Buergel
Brad S. Karp
Paul Weiss Rifkind Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064
bbirenboim@paulweiss.com
SBuergel@paulweiss.com
bkarp@paulweiss.com
*Pro Hac Vice*

Robert Ball McGinley, Jr.
McDowell Knight Roedder & Sledge LLC
11 North Water Street, Suite 13290
Mobile, AL 36602
rmcginley@mcdowellknight.com

Archibald Thomas Reeves, IV
McDowell Knight Roedder & Sledge LLC
63 South Royal Street
Mobile, AL 36602
areeves@mcdowellknight.com

Samuel Fraser Reid, III
McDowell Knight Roedder & Sledge LLC
P.O. Box 350
Mobile, AL 36601
freid@mcdowellknight.com

Richard Hamilton Gill
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
Montgomery, AL 36104
gill@copelandfranco.com

Michael T. Reynolds
Richard J. Stark
Richard W. Clary
Julie A. North
Lauren A. Moskowitz
Cravath, Swaine & Moore, LLP
825 Eighth Avenue, Worldwide Plaza
New York, NY 10019
rclary@cravath.com
*Pro Hac Vice*

>                         */s/ J. Evans Bailey*
>                         Of Counsel